· 536 P.2d 1047

**The STATE of Arizona, Appellee,**
**v.**
**John Henry BROWN, Appellant.**

**No. 3166–PR.**

Supreme Court of Arizona,
In Banc.
June 13, 1975.
Rehearing Denied July 14, 1975.

**30**

Bruce E. Babbitt, Atty. Gen. by Cleon M. Duke, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Chief Justice.

We granted this petition for review for the sole purpose of resolving an apparent conflict in the Rules of Criminal Procedure 1973, 17 A.R.S., and particularly the Comments thereto, with respect to the appellate remedy available to a defendant whose probation has been revoked pursuant to Rule 27 of said rules. The limited facts necessary for a determination of this matter are as follows. Defendant, after hearing pursuant to Rule 27, had his probation revoked and a sentence of not less than three nor more than five years in the Arizona State Prison imposed. From the order revoking his probation, he appealed to the Court of Appeals, Division One. The Court of Appeals considered all of the issues raised by the defendant adverse to his position and affirmed the revocation and the sentence imposed thereon. We agree with the disposition of the Court of Appeals as to these matters.

Before disposing of the matters raised by the defendant, the Court of Appeals sua sponte determined whether it had the jurisdiction to consider the matter by way of appeal. This was done in light of a decision of Division Two of the Court of Appeals, State v. Corrales, 22 Ariz.App. 516, 528 P.2d 1275 (1974) which held that the Court of Appeals lacked jurisdiction in an appeal from a revocation of probation and imposition of sentence because the sole remedy was by way of post-conviction procedure pursuant to Rule 32. In the instant case, after considering the alternatives and the conflicts, the Court of Appeals held that the defendant could follow either route—either an appeal pursuant to Rule 31 or post-conviction relief pursuant to Rule 32.

Rule 27.7(d) reads as follows:

"d. *Disposition.* If the court finds that a violation of the conditions or regulations of probation occurred, it may revoke, modify or continue probation. If probation is revoked, the court shall pronounce sentence in accordance with the procedures set forth in Rules 26.10 through 26.16. Probation shall not be revoked for violation of a condition or regulation of which the probationer has not received a written copy."

And the Comment to subsection 27.7(e) reads in part as follows:

" * * * The review of a probation revocation is by means of a petition under Rule 32. * * *"

This Comment is bolstered by Rule 32.1, Scope of Remedy, which includes in the Comment to (d):

" * * * Probationers who wish to challenge their revocation and the resulting sentence will have to file a petition under Rule 32.1(c) and (d) rather than appealing from the sentence imposed as under current practice. * * *"

Were these Comments the only authority in the Rules we would agree with the statement of the Court of Appeals, Division Two, as follows:

" * * * The conviction, imposition of sentence and suspension of probation in the instant case were governed by the new rules of criminal procedure since the complaint was filed after September 1, 1973. Because appellant failed to file an appeal on his conviction and imposition of probation within twenty days of his January judgment and sentence he is precluded from now appealing the August revocation of his probation and imposition of sentence under Rule 31, Rules of Criminal Procedure, 17 A.R.S. Rather, appellant's only proper remedy is by way of a Rule 32 petition. *See,* Rule 32.1(d) and comment thereto." State v. Corrales, supra, 22 Ariz.App. at 517, 528 P.2d at 1276.

Division One of the Court of Appeals, however, went further in the instant case and noted the language of Rule 27.7(d) itself which reads in part "If probation is revoked, the court shall pronounce sentence in accordance with the procedures set forth in Rules 26.10 *through* 26.16." Rule 26.11 provides that after pronouncing sentence pursuant to Rules 26.10 and 26.16 that the court shall (a) "inform the defendant of his right to appeal from the * * * sentence * * * and advise him that failure to file a timely appeal will result in the loss of the right to appeal," and (c) "hand the defendant a written notice of these rights and the procedures he must follow to exercise them * * *." In the instant case the Court of Appeals noted:

" * * * Moreover, we do recognize the possibility that the comment to Rule 32.1(d) mandating review of probation revocation through Rule 32 post-conviction proceedings is an inadvertent comment holdover which should have been omitted when the appeal provisions of the originally proposed Rule 35.10 were dropped. However, this is mere speculation on our part. What is not speculation on our part, is the fact that, regardless of the original intent, the appellant seeking review of probation revocation proceedings is now faced with a confusing situation where he is expressly told that he has the right to appeal, but then through the comments to the rules is told that he has no such right. Under these circumstances it is our opinion that both remedies should remain alternatively available to him.

"It is anticipated that the normal choice for review would be by appeal pursuant to Rule 31. * * *." State v. Brown, 23 Ariz.App. 225, 532 P.2d 167, 170 (1975).

We have deleted the conflicting Comments to Rule 27.7(e) and Rule 32.1(d) and after the effective date of the changes in the Rules of Criminal Procedure 1973, 1 August 1975, the defendant will have to proceed by way of appeal pursuant to Rule 31, rather than petition for review pursuant to Rule 32. This is, we believe, a more logical way to proceed since after a trial or the hearing and disposition on the petition to revoke probation pursuant to Rule 27, there is a complete record upon which to base an appeal and another hearing as provided by Rule 32 is unnecessary. It should be noted, however, this does not prevent, as the Court of Appeals, Division One, has noted:

" * * * where matters weighing on the lawfulness of the revocation or subsequent sentence came to light after the revocation and sentencing hearings, and were thus not previously before the trial court, and consequently not ripe for appellate review, a petition for relief pursuant to Rule 32 would be the better remedy. Under these circumstances the applicant could then proceed in a fact-finding forum under Rule 32 for the presentation of his claim and could do so even if the appeal remedy were still available. Rule 32.2(b), Rules of Crimi-

nal Procedure, 17 A.R.S. Again, conforming to the traditional post-conviction remedies which the rule was designed to simplify, subsection (c) of Rule 32.9 was adopted to thereafter provide discretionary review in the appropriate appellate court." Brown, supra, at 170–71.

We agree with the resolution of this matter by the Court of Appeals, Division One, based on existing Comments, and pending a change in the Comments to these rules which will become effective 1 August 1975, a person dissatisfied with a revocation of his probation and sentence thereon may proceed pursuant to Rule 31 or Rule 32.

The judgment of the trial court and the decision of the Court of Appeals is affirmed. The opinion of the Court of Appeals, Division One, except as to those parts which may be in conflict with this opinion, is approved.

STRUCKMEYER, V. C. J., and LOCKWOOD, HAYS and HOLOHAN, JJ., concur.