539 P.2d 926

**The STATE of Arizona, Appellant,**

v.

**Julian Joseph ZEBROWSKI, Jr., Appellee.**

**No. 2 CA–CR 627.**

Court of Appeals of Arizona,
Division 2.

Sept. 11, 1975.

Rehearing Denied Oct. 15, 1975.

Review Granted Nov. 25, 1975.

Bruce E. Babbitt, Atty. Gen., Dennis DeConcini, Pima County Atty., by Gary S. Kneip, Deputy County Atty., Tucson, for appellant.

Cannon & Schwanbeck, by William G. Lane, Tucson, for appellee.

## OPINION

HOWARD, Chief Judge.

On February 20, 1974, appellee, pursuant to his guilty plea, was convicted of the crime of unlawful possession of a narcotic drug in violation of A.R.S Sec. 36–1002. He was placed on probation for a period of three years. On June 20, 1974, appellee's probation was revoked and he was sentenced to not less than two nor more than three years in the Arizona State Prison. After approximately eleven months in prison, appellee filed a motion to modify his sentence, pursuant to Rule 32.1, Rules of Criminal Procedure, on the grounds that since being in prison he has been free of all drug use and has not received any professional counseling. Also, that rehabilitation could be better achieved in rehabilitation programs outside of the prison.

The trial court, while expressing some doubts as to its jurisdiction, nevertheless granted the motion. The sentence was set

aside and appellee was placed on probation for three years.

The sole issue is whether the trial court had jurisdiction to grant relief.

 Appellant contends that A.R.S. Sec. 36–1002 (A) proscribes the trial court's ability to set aside the conviction. Appellee contends that the trial court acted properly under the authority of *State v. Lopez*, 96 Ariz. 169, 393 P.2d 263 (1964). We hold that the trial court lacked jurisdiction. *State v. Lopez*, supra, decided before the adoption of the present criminal rules, held that in the absence of a specific rule or statute, the trial court has inherent jurisdiction to modify or vacate its own judgments and orders in accordance with Rule 60(c) of the Rules of Civil Procedure.

Rule 32.1, Rules of Criminal Procedure, provides:

"Subject to the limitations of Rule 32.2, any person who has been convicted of, or sentenced for, a criminal offense may, without payment of any fee, institute a proceeding to secure appropriate relief on the ground or grounds that:

a. The conviction or the sentence was in violation of the Constitution of the United States or of the State of Arizona;

b. The court was without jurisdiction to render judgment or to impose sentence;

c. The sentence imposed exceeded the maximum authorized by law, or is otherwise not in accordance with the sentence authorized by law;

d. He is being held in custody after his sentence has expired or after his probation or parole has been unlawfully revoked;

e. Newly-discovered material facts exist, which the court after considering (1) The probability that such facts, if introduced would have changed the verdict, finding or sentence;

(2) The diligence which would have been required to discover and produce the evidence at trial;

(3) The promptness with which the petitioner has commenced a proceeding after discovery of such facts, may require that the conviction or sentence be vacated;

f. The petitioner's failure to appeal from the judgment, sentence, or both within the prescribed time was without fault on his part; or

g. There has been a significant change in the law applied in the process which led to the petitioner's conviction or sentence, and there are sufficient reasons to allow retroactive application of the changed legal standard."

The comments to the foregoing rule show that, inter alia, it was intended to supplant Rule 60(c) of the Rules of Civil Procedure. It provides *specific* rules for post-conviction relief. If appellee is to be entitled to relief, he must assert grounds which bring him under the rule. The grounds which appellee asserted are not cognizable under the rule and in setting aside appellee's sentence, the trial court violated A.R.S. Sec. 36–1002(A) which states that a violator shall be punished by " . . . imprisonment in the state prison for not less than two years nor more than ten years, and shall not be eligible for release upon completion of sentence, or on parole, *or on any other basis* until he has served not less than two years in prison." (Emphasis added)

The order of the trial court setting aside the sentence, suspending the sentence and placing the appellee on probation is vacated and the cause remanded for further proceedings consistent herewith.

KRUCKER and HATHAWAY, JJ., concurring.