561 P.2d 318

**Application of Kinnith R. NICHOLSON for Writ of Habeas Corpus.**

**No. H–713.**

Supreme Court of Arizona, In Banc.

March 17, 1977.

Bruce E. Babbitt, Atty. Gen. by Cran McClennen, Asst. Atty. Gen., Phoenix, for respondent State of Arizona.

Kinnith R. Nicholson, in pro per.

HOLOHAN, Justice.

The petitioner, Kinnith R. Nicholson, seeks a writ of habeas corpus contending that the respondent State of Arizona is wrongfully detaining him. The petitioner claims that he must be released because he has been incarcerated without a parole revocation hearing.

The petitioner was released from prison on parole on October 25, 1976. One of the conditions of his parole was that he would not own, control, possess, transport or use any firearm.

The petitioner says that he was living with and assisting his brother, a security officer at a Phoenix motel. On December 18, 1976, he encountered Phoenix police officers while investigating an open window at the motel. The police say he refused to drop his weapon, a derringer. A struggle ensued during which both sides wielded their flashlights.

The petitioner was arrested for aggravated battery and booked into Maricopa County Jail. According to the state, the petitioner's parole officer had reasonable cause to believe that the petitioner had violated a term of his parole by possessing and using a firearm. On December 21, 1976, he sent a written notice to the Maricopa County Sheriff's office placing a "hold" on the petitioner until such time as a determination had been made about any criminal charges stemming from the incident.

On December 28, 1976, a complaint charging petitioner with aggravated battery was issued. On January 4, 1977, a preliminary hearing was held and the charge was dismissed. The Maricopa County Sheriff's office continued to hold the petitioner pursuant to the hold placed on him by the parole officer.

On January 11, 1977, the deputy county attorney handling the matter proposed to the Complaint Section of the Maricopa County Attorney's office that the petitioner be charged with possession of a firearm by a criminal. On February 2, 1977, the Complaint Section declined to institute prosecution on that charge. The petitioner's parole officer was notified of this decision on February 2, 1977. The petitioner remained in confinement throughout this period.

The Attorney General by supplemental memorandum has advised us that on February 4, 1977, the Department of Corrections issued a parole violation warrant for the petitioner. It is alleged that this warrant was served on February 14, 1977.

"Personnel at the Maricopa County Sheriff's Department have informed me that petitioner will be returned to Arizona State Prison the latter part of this week. He will then have a parole revocation hearing pursuant to Ariz.Rev.Stat.Ann. Section 31–417."

The state has not informed us whether this hearing ever took place.

The petitioner alleges that on February 18, 1977, he was served with a notice that on February 28, 1977, the Board of Pardons and Paroles would conduct a preliminary hearing to determine whether probable cause existed to believe that he had violated the conditions of his parole. He states that probable cause was found and that he was remanded for a revocation hearing before the full board.

The issue raised by these circumstances is whether the delay between the petitioner's alleged parole violation and his eventual hearing on the matter constituted a violation of his right to due process of law.

The leading case on due process requirements for parole revocation is *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). In that case the United States Supreme Court said:

"[D]ue process would seem to require that some minimal inquiry be conducted at or reasonably near the place of the alleged parole violation or arrest and as promptly as convenient after arrest while information is fresh and sources are available. [Citations omitted.] Such an inquiry should be seen as in the nature of a 'preliminary hearing' . . ." *Morrissey v. Brewer,* 408 U.S. at 485, 92 S.Ct. at 2602, 33 L.Ed.2d at 496.

According to the petitioner's uncontroverted statement, his preliminary hearing was not held until February 28, 1977—71 days after the alleged violation and 26 days after

it became clear that no other criminal charge would be lodged against him. A delay of this length does not comport with the requirements of *Morrissey v. Brewer, supra.*

It is ordered that the petitioner, Kinnith R. Nicholson, be released from prison and restored to parole unless this court is advised within fifteen days that his parole revocation hearing has been completed. Because of the need for prompt relief for the petitioner, it is ordered that the mandate of this court issue forthwith.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concurring.