692 P.2d 318
**STATE of Arizona, Respondent,**

v.

**Charles Ray MANNING, Petitioner.**

**No. 1 CA–CR 6758–PR.**

Court of Appeals of Arizona,
Division 1, Department A.

Dec. 6, 1984.

Thomas E. Collins, Maricopa County Atty. by K.C. Scull, Deputy County Atty., and Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Criminal Division, Phoenix, for respondent.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for petitioner.

## OPINION

GRANT, Judge.

The petitioner filed this petition for review from the trial court's denial of his petition for post-conviction relief and motion for rehearing. We dismiss the petition as it is not within the scope of rule 32, Arizona Rules of Criminal Procedure.

The procedural history of this case is as follows. The parole board revoked the petitioner's parole at a parole revocation hearing held January 6, 1981. The petitioner filed a petition for post-conviction relief on March 1, 1982, more than a year after the revocation hearing, in which he claimed that he had not received a proper hearing by the parole board. In supplement to the petition for post-conviction relief, the petitioner's counsel asserted that under the circumstances the revocation of the peti-

tioner's parole was arbitrary and constituted an abuse of discretion amounting to a denial of due process of law. Counsel stipulated at the evidentiary hearing that the tapes of the parole board hearing already had been destroyed pursuant to a policy of destroying such tapes within a certain period after the hearing. On October 8, 1982, the trial court held an evidentiary hearing on the petition for post-conviction relief, after which the court found that, based on the evidence in the record, the petition should be denied. The petitioner now requests that we review the lower court's ruling on the petition for post-conviction relief.

A challenge to a parole revocation is not within the scope of amended rule 32, effective August 1, 1975. Previous rule 32.1(d) specified that one ground upon which a person could secure rule 32 post-conviction relief was that "[h]e is being held in custody after his sentence has expired or after his probation or parole has been unlawfully revoked." Amended rule 32.1(d) deletes "or after his probation or parole has been unlawfully revoked" and limits the ground to that "[h]e is being held in custody after his sentence has expired."

This change in language indicates that the Arizona Supreme Court, the promulgator of the Arizona Rules of Criminal Procedure, intended to eliminate the circumstance where one is being held in custody after his probation or parole has been unlawfully revoked as a possible ground to secure rule 32 post-conviction relief. This intention is substantiated by the comments to rule 32. The comments to former rule 32.1(d) state that probationers who wish to challenge their revocation and the resulting sentence have to file a petition under rule 32.1(c) and (d). This statement is deleted in the comments to amended rule 32.1(d). From this we infer that such a petition is not available for a probation revocation challenge.

The intention to eliminate rule 32 post-conviction relief as a remedy for one who is being held in custody after his probation or parole has been unlawfully revoked is sub-

stantiated further by the Arizona Supreme Court's decision in *State v. Brown,* 112 Ariz. 29, 536 P.2d 1047 (1975). *Brown* was decided under the former rule 32 and held that under the then-existing comments to the rules a person dissatisfied with revocation of his probation and sentence thereon could proceed by way of either appeal or petition for review, but that after the effective date of the changes in the rules a defendant whose probation had been revoked would have to proceed by way of appeal rather than petition for review. Since both probation and parole revocation were included in the former rule and deleted from the amended rule, we reason by analogy that if a petition for review is no longer available to a person dissatisfied with revocation of his probation and sentence thereon then a petition for review also is no longer available for a person dissatisfied with revocation of his parole. Furthermore the administration of parole is a function of the executive branch of government not the judicial branch.

A petitioner must comply strictly with rule 32 by asserting substantive grounds which bring him within the provisions of the rule in order to be entitled to any relief. *State v. Salazar,* 122 Ariz. 404, 595 P.2d 196 (App.1979). We have no jurisdiction to rule on the merits of a petition for post-conviction review where no ground cognizable under rule 32 is asserted. *State v. Zebrowski,* 24 Ariz.App. 452, 539 P.2d 926 (App.1975). A challenge to a parole revocation is not within the scope of amended rule 32. The petitioner has asserted no substantive ground cognizable under rule 32 and therefore we have no jurisdiction to rule on the merits of the instant petition. We dismiss the petition.

This dismissal does not leave the petitioner without a remedy. He may challenge his parole revocation by filing a petition for writ of habeas corpus. *See, e.g., Thomas v. Arizona State Board of Pardons and Paroles,* 115 Ariz. 128, 564 P.2d 79 (1977); *McKellar v. Arizona State Department of Corrections,* 115 Ariz. 591, 566 P.2d 1337 (1977); *In re Nicholson,* 114 Ariz. 397, 561 P.2d 318 (1977); *Carrion v. State,* 113 Ariz. 303, 552 P.2d 1197 (1976).

We note that the comments to both versions, former and amended, of rule 32 state that rule 32 is intended to encompass the grounds available under a writ of habeas corpus. However, based on *Salazar* and *Zebrowski,* we read this comment to indicate that if a person brings himself within the scope of rule 32 by asserting a specific ground enumerated by the rule, then he may bring a rule 32 petition for post-conviction relief in circumstances where he otherwise might have brought a writ of habeas corpus. On the other hand, if a person in such circumstances does not assert a specific ground designated by rule 32, as the petitioner in the present case did not, then his claim falls outside the scope of a petition for post-conviction relief and his remedy is to file a petition for writ of habeas corpus.

Dismissed.

HAIRE, P.J., and BROOKS, J., concur.