803 P.2d 942

**STATE of Arizona, Respondent,**

v.

**Keith A. ROBBINS, Petitioner.**

**No. 1 CA–CR 89–1635–PR.**

Court of Appeals of Arizona,
Division 1, Department C.

Jan. 10, 1991.

Richard M. Romley, Maricopa Co. Atty.
by H. Allen Gerhardt, Deputy Co. Atty.,
Phoenix, for respondent.

John M. Antieau, Phoenix, for petitioner.

**OPINION**

SHELLEY, Presiding Judge.

In 1987, petitioner pled no contest to one count of attempted child molestation and one count of attempted sexual contact with a minor. Pursuant to a plea agreement, petitioner was placed on probation for five years. No notice of appeal was filed.

In 1989, a petition to revoke the petitioner's probation was filed. Petitioner admitted violating one of the terms of his probation and on August 17, 1989, petitioner's probation was revoked. He was sentenced to an aggravated term of ten years imprisonment for attempted child molestation and an aggravated term of ten years imprisonment for attempted sexual conduct with a minor, with the sentences to be served concurrently. No notice of appeal was filed.

On October 20, 1989, petitioner filed a petition for post-conviction relief. The state filed a response and the trial judge summarily ruled that "Rule 32 is not available to challenge a probation revocation." Petitioner filed a motion for rehearing, which was denied. Petitioner then filed a timely petition for review.

## IS RULE 32 RELIEF AVAILABLE TO PETITIONERS WHOSE PROBATION HAS BEEN REVOKED?

In his petition for post-conviction relief, petitioner raises only one issue: that he was denied effective assistance of counsel during his probation revocation proceedings. The state responded that probation revocation proceedings could not be reviewed under Rule 32, Arizona Rules of Criminal Procedure. The trial judge agreed and summarily dismissed the petition for post-conviction relief. Petitioner filed a motion for rehearing, attacking what he believed to be this court's holding in *State v. Manning*, 143 Ariz. 139, 692 P.2d 318 (App.1984), that Rule 32 could not be utilized to challenge probation revocation proceedings. Petitioner argued that *Manning* was incorrectly decided on this point. The trial judge denied the motion for rehearing and petitioner filed a petition for review.

■ In *Manning,* this court held that Rule 32 relief was not available after revocation of *parole.* 143 Ariz. at 140, 692 P.2d at 319. This court reached its conclusion after considering the 1975 amendment to Rule 32.1(d), Arizona Rules of Criminal Procedure. Prior to the amendment, the Rule permitted a person who had been convicted of, or sentenced for, a criminal offense to secure relief on the ground that "[h]e is being held in custody after his sentence has expired or after his probation or parole has been unlawfully revoked." The amended rule deletes "or after his probation or parole has been unlawfully revoked." This court stated:

> This change in language indicates that the Arizona Supreme Court, the promulgator of the Arizona Rules of Criminal Procedure, intended to eliminate the circumstance where one is being held in custody after his probation or parole has been unlawfully revoked as a possible ground to secure rule 32 post-conviction relief.

*Id.* This court found support for this ruling in the comments to Rule 32, stating:

> The comments to former rule 32.1(d) state that probationers who wish to challenge their revocation and the resulting sentence have to file a petition under rule 32.1(c) and (d). This statement is deleted in the comments to amended rule 32.1(d). From this we infer that such a petition is not available for a probation revocation challenge.

*Id. Manning* relied upon the Arizona Supreme Court case of *State v. Brown,* 112 Ariz. 29, 536 P.2d 1047 (1975). However, we note that *Brown* anticipated circumstances in which Rule 32 might be available to challenge an order revoking probation. Our supreme court found that the comments to Rule 27.7(e) and Rule 32.1(d) in effect at that time were in conflict, one indicating that relief from an order revoking probation was by way of an appeal and the other indicating that relief had to be sought by way of a Rule 32.1(d) petition for post-conviction relief. This decision was rendered in June, 1975. Our supreme court stated:

We have deleted the conflicting Comments to Rule 27.7(e) and Rule 32.1(d) and after the effective date of the changes in the Rules of Criminal Procedure 1973, 1 August 1975, the defendant will have to proceed by way of appeal pursuant to Rule 31, rather than petition for review pursuant to Rule 32. This is, we believe, a more logical way to proceed since after a trial or the hearing and disposition on the petition to revoke probation pursuant to Rule 27, there is a complete record upon which to base an appeal and another hearing as provided by Rule 32 is unnecessary. *It should be noted, however, this does not prevent,* as the Court of Appeals, Division One, has noted:

> "... *where matters weighing on the lawfulness of the revocation or subsequent sentence came to light after the revocation and sentencing hearings, and were thus not previously before the trial court, and consequently not ripe for appellate review, a petition for relief pursuant to Rule 32 would be the better remedy.* Under these circumstances the applicant could then proceed in a fact-finding forum under Rule 32 for the presentation of his claim and could do so even if the appeal remedy were still available. Rule 32.2(b), Rules of Criminal Procedure, 17 A.R.S. Again, conforming to the traditional post-conviction remedies which the rule was designed to simplify, subsection (c) of Rule 32.9 was adopted to thereafter provide discretionary review in the appropriate appellate court."

*Brown,* 112 Ariz. at 31–32, 536 P.2d at 1049–50 (quoting *State v. Brown,* 23 Ariz. App. 225, 228, 532 P.2d 167, 170 (1975)) (emphasis added). Thus, where allegations are made, which, if proven, are indicative of the deprivation of a defendant's rights which are not a matter of record in a revocation hearing, relief may be obtained through Rule 32.1(d). *Manning* does not discuss the question of relief from matters not ripe for appellate review because they are not in the record. Furthermore, the supreme court holding in *Brown* controls.

Assuming *arguendo* that petitioner's claim of ineffective assistance of counsel is dependent on Rule 32.1(d), he has stated a colorable claim for relief under that rule. However, since this case involves a claim of ineffective assistance of counsel, the applicable rule is 32.1(a) which sets forth as a ground for relief that: "The conviction or the sentence was in violation of the Constitution of the United States or of the State of Arizona." The comment to Rule 32.1(a) in pertinent part states: "Claims of denial of counsel, of incompetency of counsel, and of violation of other rights based on the federal or Arizona constitutions are included."

In the case of *State v. Carver,* 160 Ariz. 167, 771 P.2d 1382 (1989), our supreme court held that allegations of ineffective assistance of trial counsel will not be considered absent an expanded record.

We hold that the trial court erred in finding that Rule 32 is not available to challenge a probation revocation when the challenge is based on ineffective assistance of counsel.

The decision of the trial court is reversed; this case is remanded to the trial court for further proceedings consistent with this opinion.

GERBER and BROOKS, JJ., concur.