Robert Anthony RUIZ, Petitioner—Appellant,

v.

Dora B. SCHRIRO, Director; Arizona Attorney General, Respondents—Appellees.

No. 05–16564.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.*

Filed Aug. 8, 2008.

Robert Anthony Ruiz, Florence, AZ, pro se.

Katia Mehu, Esq., AGAZ–Office of the Arizona Attorney General, Phoenix, AZ, for Respondents–Appellees.

Before: GIBSON **, BERZON, and BEA, Circuit Judges.

MEMORANDUM ***

Robert Anthony Ruiz appeals the district court's order denying his 28 U.S.C. § 2254 habeas corpus petition. The district court dismissed the petition as untimely because Ruiz did not file it within the one-year statute of limitations provided by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Although Ruiz had filed three state post-conviction relief petitions, the district court held that

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the second and third petitions were not "properly filed" and thus did not toll the running of the limitations period under 28 U.S.C. § 2244(d)(2). Ruiz contends that his second and third state post-conviction petitions were "properly filed" in state court and therefore should have tolled the running of the limitations period. In the alternative, Ruiz contends that he is entitled to equitable tolling. We vacate the district court's dismissal and remand to allow the district court to consider his arguments for equitable tolling.

## I.

The district court correctly concluded that Ruiz's second and third petitions for post-conviction relief did not toll the statute of limitations under 28 U.S.C. § 2244(d)(2) because they were not "properly filed." [1] "Properly filed" means that the petition's "delivery and acceptance are in compliance with the applicable laws and rules governing filings" in that state. *Artuz v. Bennett,* 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). In *Pace v. DiGuglielmo,* 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), the Supreme Court held that "[w]hen a post-conviction petition is untimely under state law," it is not properly filed "for purposes of § 2244(d)(2)." *Id.* at 414, 125 S.Ct. 1807.

The Arizona court held that Ruiz's petition was untimely under Arizona law. Our cases have not addressed the questions of whether we may review a state court's decision, under state law, that a petitioner's state petition was untimely in the context of determining whether a petition was "properly filed," and, if so, what standard of review applies. *See, e.g., Bonner v. Carey,* 425 F.3d 1145, 1149 (9th Cir.2005) (assuming, without addressing the issue, that the California courts' conclusion regarding timeliness is conclusive as to whether the petition was "properly filed" for purposes of § 2244(d)(2)), *as amended,* 439 F.3d 993 (9th Cir.2006), *cert. denied,* 549 U.S. 856, 127 S.Ct. 132, 166 L.Ed.2d 97 (2006); *Thorson v. Palmer,* 479 F.3d 643, 645 (9th Cir.2007) (same). Regardless of whether we treat the state court decision as conclusive or whether we review the state court decision, Ruiz's argument fails.

If we treat as conclusive the state court's decision that Ruiz's third petition was untimely under state law, it follows automatically that Ruiz's petition was not "properly filed" to toll the statute of limitations. *See Pace,* 544 U.S. at 417, 125 S.Ct. 1807 ("Because the state court rejected petitioner's ... petition as untimely, it was not 'properly filed.' "); *Bonner,* 425 F.3d at 1149 ("Because the California courts dismissed Bonner's petition as untimely, his petition was not 'properly filed' under AEDPA."); *Thorson,* 479 F.3d at 645.

On the other hand, if we review the state court's decision, we would conclude that Ruiz's third petition [2] was not properly filed to toll the statute of limitations

---

**1.** We construe Ruiz's briefing of the statutory tolling issue as a motion to expand the Certificate of Appealability. 9th Cir. R. 22–1(e). As jurists of reason would find it debatable whether "the petition states a valid claim of the denial of a constitutional right" and whether "the district court was correct in its procedural ruling," *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), we grant the COA pursuant to 28 U.S.C. § 2253(c). As the government has briefed the merits of the statutory tolling question, we grant the COA without ordering further briefing. 9th Cir. R. 22–1(f).

**2.** We consider only his contention regarding the third post-conviction petition because the year and a half that elapsed during his third post-conviction proceeding decides the issue; if that time is not tolled, tolling during his second post-conviction proceeding would not help Ruiz.

because it was late under state law and his claim of ineffectiveness of counsel was not one of the types of claims exempted from the state's timeliness rules. *See* Ariz. R.Crim. P. 32.4 (listing types of claims that are exempt from the state's timeliness requirement) and 32.1 (defining types of claims). The state trial court considering Ruiz's third petition correctly determined that his ineffectiveness of counsel claim was a claim alleging a constitutional violation under Rule 32.1(a), which is not exempt from Arizona's timeliness requirement. *See State v. Robbins,* 166 Ariz. 531, 803 P.2d 942, 944 (Ariz.App.1991) (stating that for cases involving ineffective assistance of counsel, applicable rule is 32.1(a)).

The state trial court also correctly ruled that this claim did not fall under the significant change in law exception of Rule 32.1(g) because *Stewart v. Smith,* 202 Ariz. 446, 46 P.3d 1067 (2002) (en banc), was a clarification of Rule 32.2(a), not a significant change in law that applies to Ruiz. Moreover, Ruiz's reliance on *Smith* and *State v. Bennett,* 213 Ariz. 562, 146 P.3d 63 (2006) (en banc), are misplaced because those cases concerned preclusion of waived issues under Rule 32.2, not timeliness under Rule 32.4. *Smith,* 46 P.3d at 1068; *Bennett,* 146 P.3d at 66–67. Here, the state trial court did not dismiss Ruiz's third post-conviction petition on waiver grounds under Rule 32.2(a)(3); it dismissed the petition on timeliness grounds under Rule 32.4.

Because the Arizona trial court correctly found the third petition untimely under state law, it was not "properly filed" and did not toll AEDPA's statute of limitations.

## II.

Ruiz contends that his reliance on pre-*Pace* cases, in particular on *Dictado v. Ducharme,* 244 F.3d 724 (9th Cir.2001), and *Saffold v. Carey,* 312 F.3d 1031 (9th Cir.2002), and the state's appointment of the same attorney to represent him in both his state appeals and post-conviction proceedings are extraordinary circumstances that justify equitable tolling of AEDPA's one-year statute of limitations. Although Ruiz argued in the district court that he was entitled to tolling, he did not brief equitable tolling, and the district court did not rule on it. Therefore, we decline to address it in the first instance. *Bonner v. Carey,* 425 F.3d 1145, 1150 (9th Cir.2005) (remanding to allow district court to consider in the first instance argument for equitable tolling), *as amended,* 439 F.3d 993 (9th Cir.2006), *cert. denied,* 549 U.S. 856, 127 S.Ct. 132, 166 L.Ed.2d 97 (2006).

However, Ruiz's claim for equitable tolling on the basis that he detrimentally relied on *Dictado* and *Saffold* may have merit. *See Harris v. Carter,* 515 F.3d 1051, 1057 (9th Cir.2008) (holding that detrimental reliance on pre-*Pace* precedent that held that untimely state post-conviction petitions were "properly filed" for purposes of § 2244(d) and tolled the statute of limitations while the petitions were pending in the state courts justified equitable tolling of AEDPA's one-year statute of limitations). Therefore, we remand to the district court to consider whether Ruiz is entitled to equitable tolling on this or any other theory.

VACATED AND REMANDED.