NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

DERRICK A. MORRIS, *Petitioner.*

No. 1 CA-CR 13-0406 PRPC
FILED 2-10-2015

Petition for Review from the Superior Court in Maricopa County
No.  CR 2002-013178
The Honorable M. Scott McCoy, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Derrick A. Morris, San Luis
*Petitioner Pro Se*

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie, Judge Patricia K. Norris, and Judge Randall M. Howe delivered the decision of the court.

**PER CURIAM:**

¶1 Derrick A. Morris seeks review of the summary dismissal of his second and third post-conviction relief proceedings filed pursuant to Arizona Rule of Criminal Procedure 32. We have considered his petition and, for the following reasons, grant review but deny relief.

¶2 A jury convicted Morris of first degree murder and attempted armed robbery. On December 9, 2005, the trial court sentenced him to life with the possibility of release after twenty-five years, together with a concurrent seven-and-one-half-year prison term. This Court affirmed Morris' convictions and sentences on direct appeal. *State v. Morris*, 1 CA-CR 05-1253 (Ariz. App. Dec. 21, 2006) (mem. decision).

¶3 On August 27, 2007, Morris filed an untimely notice of post-conviction relief, requesting relief in the form of a delayed Rule 32 proceeding. The trial court summarily dismissed that proceeding based on a finding Morris had failed to establish meritorious reasons why the failure to file a timely notice of post-conviction relief was without fault on his part.

¶4 On April 19, 2013, Morris commenced a second Rule 32 post-conviction relief proceeding in which he alleged claims of ineffective assistance of trial and appellate counsel, *Miranda* and privilege violations, and prosecutorial misconduct. On May 8, 2013, the trial court summarily dismissed that proceeding on the grounds that none of the claims could be raised in an untimely or successive post-conviction proceeding.

¶5 On May 31, 2013, Morris filed a third Rule 32 notice, together with a request for an order permitting him to file a delayed appeal, claiming he was denied his right to an appeal because appellate counsel filed an *Anders* brief rather than raising certain issues on appeal. On June 25, 2013, the trial court summarily dismissed that proceeding on the grounds that a claim of ineffective assistance of counsel cannot be raised in an untimely or successive Rule 32 post-conviction proceeding.

¶6 On May 31, 2013, Morris also filed a notice of appeal from the trial court's summary dismissal of his second post-conviction proceeding on May 8, 2013. After this Court returned the notice of appeal for non-compliance with the requirements of Rule 32.9(c), Morris filed a petition for review in which he sought review of the trial court's summary dismissal of both his second and third post-conviction proceedings. We review the summary dismissal of a Rule 32 post-conviction relief proceeding for an

abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17, 146 P.3d 63, 67 (2006).

**¶7** The trial court did not err by summarily dismissing Morris' second and third post-conviction proceedings. As the court correctly observed in dismissing those matters, a defendant is limited to raising claims pursuant to Rule 32.1(d), (e), (f), (g), or (h) in an untimely or successive Rule 32 proceeding. Ariz. R. Crim. P. 32.4(a). Both of the post-conviction proceedings at issue are untimely and successive in nature, and none of the claims Morris asserts fall within categories of claims that may be raised in an untimely or successive post-conviction proceeding. Thus, the trial court did not abuse its discretion in summarily dismissing the proceedings. Morris failed to state a claim for which relief could be granted under Rule 32. *See State v. Manning*, 143 Ariz. 139, 141, 692 P.2d 318, 320 (1984) (appeals court has no jurisdiction to address merits of petition where no cognizable ground under Rule 32 is asserted).

**¶8** For the reasons stated, we grant review but deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama