NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

KASEY BISCOE, *Petitioner*.

No. 1 CA-CR 13-0575 PRPC

FILED 3-3-2015

Petition for Review from the Superior Court in Maricopa County
No. CR2010-005987-001
The Honorable Cynthia Bailey, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Kasey Biscoe, Buckeye
*Petitioner Pro Se*

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Maurice Portley and Judge Jon W. Thompson joined.

**G O U L D**, Judge:

¶1            Kasey Biscoe petitions for review of the trial court's summary dismissal of his notice of post-conviction relief filed pursuant to Rule 32, Ariz. R. Crim. P.  We have considered his petition and, for the reasons stated, grant review but deny relief.

¶2            Biscoe pled guilty to manslaughter, a class two felony and dangerous offense.  On September 28, 2012, the trial court sentenced Biscoe to an aggravated sixteen-year prison term.

¶3            On July 15, 2013, Biscoe filed an untimely notice of post-conviction relief in which he indicated that he intended to raise a claim of ineffective assistance of counsel.  He further stated in the notice that the notice was being filed under and pursuant to Rule 32.1(f) in that the failure to file a timely notice was without fault on his part.  After reviewing the notice, the trial court summarily dismissed the proceedings on the grounds that Biscoe failed to set forth a valid factual or legal basis to support his assertion that the untimely filing of the notice of post-conviction relief was through no fault of his own and further failed to state a claim that can be raised in an untimely post-conviction proceeding.

¶4            On review, Biscoe argues the trial court erred in summarily dismissing the notice because the dismissal is not supported by the Rules of Criminal Procedure.  We disagree.

¶5            A defendant who pleads guilty waives his right to a direct appeal.  Arizona Revised Statute section 13-4033(B) (West 2015).  Thus, a pleading defendant's only means of obtaining review of his conviction and sentence is pursuant to Rule 32, in a proceeding "known as a Rule 32 of-right proceeding."  Ariz. R. Crim. P. 32.1.  To commence a timely Rule 32 "of-right" proceeding, a defendant must file a notice of post-conviction relief within ninety days after the entry of judgment or sentence.  Ariz. R. Crim. P. 32.4(a).  Biscoe filed his notice of post-conviction relief more than five months after he was sentenced.

¶6            A notice of post-conviction relief not timely filed is limited to raising claims pursuant to Rule 32.1(d), (e), (f), (g), or (h).  Ariz. R. Crim. P. 32.4(a).  The failure to file a notice of post-conviction relief of-right within the prescribed time is a claim that may be raised in an untimely notice of post-conviction relief. Ariz. R. Crim. P 32.1(f).  However, when an excepted claim is raised in an untimely notice of post-conviction relief, the notice "must set forth the substance of the specific exception and the reasons for

not raising the claim . . . in a timely manner." Ariz. R. Crim. P. 32.2(b). "If the specific exception and meritorious reasons do not appear substantiating the claim and indicating why the claim was not stated . . . in a timely manner, the notice shall be summarily dismissed." *Id.* As the trial court noted in dismissing the notice, Biscoe set forth no valid factual or legal basis to support his assertion that the untimely filing of the notice of post-conviction relief was through no fault of his own.

¶7 The other claim listed by Biscoe in his notice -- ineffective assistance of counsel -- does not fall within any of the categories of claims that may be raised in an untimely notice of post-conviction relief. Thus, the trial court did not err in finding that Biscoe failed to state a claim for which relief can be granted in an untimely post-conviction proceeding. *See State v. Manning*, 143 Ariz. 139, 141 (1984) ("A petitioner must comply strictly with Rule 32 by asserting substantive grounds which bring him within the provisions of the rule in order to be entitled to any relief."). Accordingly, the trial court acted in full compliance with the Arizona Rules of Criminal Procedure in summarily dismissing the untimely notice.

¶8 For the reasons stated, we grant review, but deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama