NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

CARDELL GAUFF, *Petitioner*.

No. 1 CA-CR 13-0574 PRPC

FILED 4-21-2015

---

Petition for Review from the Superior Court in Maricopa County
No.  CR 2001-006778
The Honorable Roland J. Steinle, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Cardell Gauff, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Donn Kessler joined.

---

**T H U M M A**, Judge:

¶1        Petitioner Cardell Gauff seeks review of the superior court's order summarily dismissing what appears to be his fifth petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32.1 (2015)[1]. Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for post-conviction relief. *See State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19, 278 P.3d 1276, 1280 (2012). Finding no such error, this court grants review but denies relief.

¶2        Gauff's convictions for armed robbery and aggravated assault were affirmed on direct appeal nearly 13 years ago. *See State v. Gauff*, 1 CA-CR 92-1029 (Ariz. App. Sept. 10, 2002) (mem. dec.).[2] His most recent notice and petition for post-conviction relief, filed July 8, 2013, alleges ineffective assistance of counsel, prosecutorial misconduct, due process violations and illegal sentence. The superior court found Gauff's claims untimely and successive and ruled that Gauff failed to state a claim on which relief can be granted in an untimely or successive petition.

¶3        Gauff was sentenced on November 7, 2001 and the mandate issued on his direct appeal on October 22, 2002. Thus, the July 8, 2013 notice and petition for post-conviction relief are untimely and successive. *See* Ariz. R. Crim. P. 32.4(a) (setting deadlines for filing notice of post-conviction relief). A defendant who commences an untimely or successive Rule 32 post-conviction proceeding is limited to raising claims pursuant to Rule 32.1(d), (e), (f), (g) or (h). *See id.* Gauff's claims for relief, however, are not proper claims that may be raised in an untimely or successive post-conviction relief proceeding. Accordingly, the superior court did not err in summarily dismissing the post-conviction proceeding because Gauff failed to state a claim for which relief could be granted under Rule 32. *See State v. Manning*, 143 Ariz. 139, 141, 692 P.2d 318, 320 (App. 1984).

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

[2] This court previously denied review of the superior court's summary dismissals of two subsequent petitions for post-conviction relief. *State v. Gauff*, 1 CA-CR 04-0787 PRPC (Ariz. App. Aug. 10, 2005) (dec. order); *State v. Gauff*, 1 CA-CR 07-0220 PRPC (Ariz. App. Nov. 30, 2007) (dec. order). The superior court also summarily denied Gauff's June 16, 2008 notice of post-conviction relief and March 25, 2009 notice of and petition for post-conviction relief. Gauff did not seek review by this court of those rulings.

¶4 For these reasons, this court grants review but denies relief.



Ruth A. Willingham · Clerk of the Court
FILED: ama