NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

SAMMY TIMOTHY WILLIAMS, *Petitioner.*

No. 1 CA-CR 15-0278 PRPC
FILED 3-16-2017

Petition for Review from the Superior Court in Maricopa County
No. CR 2001-005407
The Honorable Michael W. Kemp, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Sammy Timothy Williams, Buckeye
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Paul J. McMurdie joined.

**J O N E S**, Judge:

¶1   Petitioner Sammy Timothy Williams petitions this court for review from the dismissal of his successive petition for post-conviction relief. A jury found Williams guilty of first degree felony murder. The superior court imposed a sentence of natural life. This court affirmed the conviction and sentence on appeal. *State v. Williams*, 1 CA-CR 03-0420 (Ariz. App. Apr. 22, 2004) (mem. decision).

¶2   In January 2015, Williams filed his seventh petition for post-conviction relief and checked the boxes to raise claims of newly discovered material facts, a significant change in the law, and that his untimely notice of post-conviction relief was without fault on his own part. *See* Ariz. R. Crim. P. 32.1(e)-(g). Within the petition, Williams referred to "Attachment, Pg. '3A' — '3F,'" but provided no such attachment. The superior court dismissed the petition for failure to state a claim and noted that no attachments were included to support the proffered claims.

¶3   Williams' petition was successive and untimely, and thus he was required to set forth specific reasons for not timely raising his claims. *See* Ariz. R. Crim. P. 32.2(b), 32.4(a). Because he failed to include an attachment that presumably set forth those reasons, the superior court had to dismiss the petition. *See* Ariz. R. Crim. P. 32.6(c) ("[T]he court shall identify all claims that are procedurally precluded under this rule. If the court, after identifying all precluded claims, determines that no remaining claim presents a material issue of fact or law which would entitle the defendant to relief under this rule and that no purpose would be served by any further proceedings, the court shall order the petition dismissed."); *State v. Manning*, 143 Ariz. 139, 141 (App. 1984) ("A petitioner must comply strictly with rule 32 by asserting substantive grounds which bring him within the provisions of the rule in order to be entitled to any relief.") (citation omitted). However, rather than filing a motion for leave to amend his original petition to provide the necessary attachment, *see* Ariz. R. Crim. P. 32.6(d); *State v. Rogers*, 113 Ariz. 6, 8 (1976) (noting the "liberal policy toward amendments of post-conviction pleadings"), Williams moved for rehearing, *see* Ariz. R. Crim. P. 32.9(a). That motion was denied.

¶4   Williams' motion for rehearing "failed to allege or set forth any evidence that noncompliance with the applicable rule was excusable." *State v. Bortz*, 169 Ariz. 575, 577 (App. 1991). Instead, Williams' motion referred to case law examining preclusion of an ineffective-assistance-of-counsel (IAC) claim under Rule 32.2(a)(3). But Williams' original petition did not claim IAC or cite to any grounds for relief that would fall within the

purview of Rule 32.2(a)'s preclusive effect. *See* Ariz. R. Crim. P. 32.2(b). In effect, Williams introduced "new matters not raised in the first petition," and "a court will not entertain new matters raised for the first time in a motion for rehearing." *Bortz*, 169 Ariz. at 577 (citing *State v. Ramirez*, 126 Ariz. 464, 467 (App. 1980)); *see also* Ariz. R. Crim. P. 32.9(a).

**¶5**        Because Williams' petition for review focuses on purported IAC, a claim not raised in his original petition, he is procedurally barred from relief. *See* Ariz. R. Crim. P. 32.9(c)(1)(ii) (stating petition for review should identify "issues which were decided by the trial court"); *State v. Vera*, 235 Ariz. 571, 573-74, ¶ 8 (App. 2014) ("[W]e ordinarily do not consider issues on review that have not been considered and decided by the trial court; this is particularly true when we are reviewing a court's decision to grant or deny post-conviction relief under Rule 32.") (citing *Ramirez*, 126 Ariz. at 468).

**¶6**        We therefore grant review but deny relief.

