**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAMUEL QUINTON BONNER, *Petitioner-Appellant,* v. TOM CAREY, Warden, *Respondent-Appellee.* | No. 02-56022 D.C. No. CV-99-00091-DOC(MAN) ORDER AMENDING OPINION AND AMENDED OPINION |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted August 7, 2003*
Submission Deferred March 8, 2004
Resubmitted October 6, 2005
Pasadena, California

Filed October 6, 2005
Amended March 7, 2006

Before: Alex Kozinski and Thomas G. Nelson,
Circuit Judges, and Jane A. Restani, ** Chief IT Judge.

Opinion by Judge T.G. Nelson

---

*This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

2215

## COUNSEL

Jerry D. Whatley, Santa Barbara, California, for the appellant.

Theresa A. Cochrane, Deputy Attorney General, Los Angeles, California, for the appellee.

## ORDER

The opinion filed October 6, 2005, and published at 425 F.3d 1145 (9th Cir. 2005), is amended as follows:

425 F.3d at 1147, fn 6: Delete in its entirety and replace with the following:

> The superior court ultimately denied Bonner's 1995 petition in May 1997. The denial contained no reasoning, and gave no explanation for the court's late action. We thus look through the May 1997 denial to the February 1997 denial, and presume the two petitions were denied for the same reasons. *See Ylst* v. *Nunnemaker*, 501 U.S. 797, 803 (1991).

With the opinion thus amended, the panel has voted unanimously to deny the petition for rehearing. Judge Kozinski has voted to deny the petition for rehearing en banc, and Judges T.G. Nelson and Restani recommended denial.

The full court has been advised of the petition for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for rehearing is DENIED and the petition for rehearing en banc is DENIED.

No subsequent petitions for rehearing or petitions for rehearing en banc may be filed.

---

## OPINION

T.G. NELSON, Circuit Judge:

Samuel Quinton Bonner appeals the district court's dismissal of his habeas petition. We have jurisdiction under 28 U.S.C. § 1291, and vacate and remand for further proceedings. We conclude that the California Superior Court denied Bonner's petition as untimely when it said that he could have raised the petition's claims in an earlier petition and that there "[wa]s no reason stated for any delay in this regard." Under *Pace v. DiGuglielmo*,[1] this means that Bonner's petition was never "properly filed" for purposes of the tolling provision of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).[2] Accordingly, Bonner is not entitled to statutory tolling for the period from April 24, 1996, when the one-year statutory period began to run,[3] to September 24, 1998, when he filed his federal petition. Thus, regardless of whether the district court misled Bonner concerning his options as to how to proceed with his "mixed" petition,[4] the statute of limita-

---

[1] ___ U.S. ___, 125 S. Ct. 1807 (2005).

[2] *Id.* at 1812; 28 U.S.C. § 2244(d)(2).

[3] *See* 28 U.S.C. § 2244(d)(1).

[4] By "mixed," we mean that Bonner's petition contained both claims that were exhausted in state court and claims that were not.

tions bars his petition unless he can show that he is entitled to equitable tolling. We remand to allow the district court to consider his arguments for equitable tolling.

# I

## Background

Bonner was convicted of first degree murder in 1983. He unsuccessfully sought habeas relief in the California courts in 1990 and 1991. In 1995, he filed a new habeas petition in Los Angeles Superior Court. Based on what he deemed newly discovered evidence, Bonner alleged that he was deprived of the effective assistance of counsel.

For some reason not apparent from the record, the superior court did not act on Bonner's 1995 petition for two years. In the intervening time, Congress passed AEDPA. AEDPA's one year statute of limitations began running on April 24, 1996,[5] while Bonner was waiting for the superior court to act.

In 1997, apparently frustrated by the court's delay, Bonner re-filed the claims from his 1995 petition in a new document that he entitled "request for a rehearing." Although the superior court still had not ruled on his 1995 petition, the court denied the 1997 petition for rehearing in a minute entry dated February 25, 1997. It offered the following four reasons for the denial: (1) the petition presented no legally cognizable claim; (2) no new evidence suggested that there was a reasonable probability that Bonner would have received a more favorable result at trial had his counsel handled the case better; (3) Bonner's claims were either raised in his 1990 petition or they could have been raised then, and there "[wa]s no reason stated for any delay in this regard;" and (4) Bonner did

---

[5]28 U.S.C. § 2244(d)(1).

not verify his petition. The third reason given by the superior court determines the outcome of this appeal.[6]

Two months after the superior court's denial of his petition for rehearing, on April 15, 1997, Bonner filed a petition in the California Court of Appeal. That court denied his petition on May 5, 1997 "for the reasons stated in the superior court's February 25, 1997 minute Order." Approximately six months later, Bonner filed a petition in the California Supreme Court. That court denied his petition on May 27, 1998 without citation to authority. Accordingly, the superior court's minute entry is the only reasoned state court decision addressing Bonner's petition.

Bonner filed the federal petition that led to this appeal on September 24, 1998. The Government moved to dismiss the petition, pointing out that, absent tolling, AEDPA's limitations period had expired on April 24, 1997. The district court concluded that Bonner was entitled to tolling while he "was attempting to pursue his state remedies," a period that began when he filed his petition in the superior court in 1995 and ended when the California Supreme Court denied his petition on May 27, 1998. The district court also noted that, "[t]hrough no fault on the petitioner's part, the Superior Court failed to rule on the [1995] petition" for nearly two years.

The district court nonetheless denied Bonner's federal petition because it was "mixed," after a confusing exchange in which Bonner attempted to seek the stay and abeyance procedure and the court may have misinterpreted his request. Bonner then filed this appeal.

---

[6]The superior court ultimately denied Bonner's 1995 petition in May 1997. The denial contained no reasoning, and gave no explanation for the court's late action. We thus look through the May 1997 denial to the February 1997 denial, and presume the two petitions were denied for the same reasons. *See Ylst* v. *Nunnemaker*, 501 U.S. 797, 803 (1991).

We deferred submission of Bonner's appeal until the Supreme Court ruled on *Pliler v. Ford*,[7] sought further briefing, and now conclude that Bonner is not entitled to statutory tolling as the district court held.[8] Accordingly, we vacate and remand to allow the district court to determine if he is entitled to equitable tolling.

## II

### Discussion

[1] Section 2244(d)(2) provides for tolling during the time a "properly filed" state court petition is pending.[9] "Properly filed" means the petition's "delivery and acceptance are in compliance with the applicable laws and rules governing filings" in that state.[10] In *Pace v. DiGuglielmo*,[11] the United States Supreme Court held that "[w]hen a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)."[12]

[2] In its order dated February 25, 1997, the California Superior Court explained that it was denying Bonner's petition because, among other reasons, Bonner had either made the same claims in his 1990 petition or could have done so,

---

[7] ___ U.S. ___, 124 S. Ct. 2441 (2004).

[8] Because we conclude that Bonner is not entitled to statutory tolling, we do not reach the issue he raises on appeal: whether the district court erred when it dismissed his petition as mixed.

[9] 28 U.S.C. § 2244(d)(2).

[10] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The Supreme Court has distinguished between "a condition to filing" — which must be satisfied to be eligible for tolling under AEDPA — and "a condition to obtaining relief," which need not be satisfied to be eligible for tolling under AEDPA. *Id.* at 11. State timeliness rules are conditions to filing. *Id.* at 8.

[11] ___ U.S. ___, 125 S. Ct. 1807 (2005).

[12] *Id.* at 1812 (second alteration in original) (internal quotation marks omitted).

and that there "[wa]s no reason stated for any delay in this regard."[13] Examining the court's words against the backdrop of California law regarding untimeliness, it is clear that the court was denying Bonner's petition as untimely.

[3] The superior court's language tracks California's requirement that, to avoid the state's untimeliness bar, a petitioner bears the burden of establishing: (i) the absence of substantial delay, (ii) good cause for such delay, or (iii) that his claims fall within one of four exceptions to such bar.[14] In this case, Bonner had waited over four years to file his second petition. California courts have deemed shorter periods substantial.[15] Thus, Bonner had to establish good cause for his delay.[16] When the court noted that Bonner had asserted no reason for his delay, then, the court was explaining that he had not met his burden of establishing good cause. Absent good cause, the state's untimeliness bar applied to him.[17]

[4] The fact that California provides exceptions to its timely filing requirement does not "prevent a late application from being considered improperly filed."[18] Neither does the

---

[13]We must determine what the superior court's order means because that was the last — and only — reasoned decision as to Bonner's 1995 petition. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *see also Sandgathe v. Maass*, 314 F.3d 371, 377-78 nn. 4-5 (9th Cir. 2002) (where state supreme court "incorporated court of appeals briefs," and court of appeals affirmed trial court's denial without opinion, *Ylst* requires "looking through the second level of mute decision as well as the first" (internal quotation marks and citation omitted)). The California Court of Appeal affirmed for the reasons given by the superior court. The California Supreme Court summarily denied Bonner's petition without citation to any authority.

[14]*In re Gallego*, 77 Cal. Rptr. 2d 132, 137 (Cal. 1998).

[15]*In re Sanders*, 87 Cal. Rptr. 2d 899, 905 (Cal. 1999) (3 years); *Gallego*, 77 Cal. Rptr. 2d at 134 (3 years, 9 months).

[16]*Id.*

[17]No one argues that Bonner falls into the other exceptions to the bar. *Id.*

[18]*Pace*, 125 S. Ct. at 1811.

fact that the superior court also denied Bonner's petition on the merits save his petition.[19] Because the California courts dismissed Bonner's petition as untimely, his petition was not "properly filed" under AEDPA. Accordingly, he is not entitled to tolling under § 2244(d)(2).

We recognize the harshness of the result of our decision. Because of the California Superior Court's long delay in ruling on his petition, Bonner lost more than 270 of the 365 days that he had to file his federal petition. *Pace*, however, expressly held that such a result — "a petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that he was never 'properly filed' " — did not justify a different rule.[20]

**[5]** We also acknowledge that *Pace* implicitly overruled one (and perhaps two) of our prior holdings concerning AEDPA's statute of limitations. In *Carey v. Saffold*,[21] we concluded that the phrase "lack of diligence" in a California Supreme Court order referred to the prisoner's five-year delay in initiating the state habeas process, *not* to his four and one-half month delay in seeking review after the lower court

---

[19]*See Saffold v. Carey*, 536 U.S. 214, 225-26 (2002) (holding that state court alternative rulings did not make petition timely, and thus "properly filed," under state law).

[20]125 S. Ct. at 1813. The Supreme Court further remarked that:

> A prisoner . . . might avoid this predicament . . . by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court.

*Id.* (citation omitted). It is ironic indeed that the need for this complicated procedure derives from AEDPA, a statute designed to "streamline and simplify" the complicated habeas process. *See Hohn v. United States*, 524 U.S. 236, 265 (1998) (Scalia, J., dissenting).

[21]312 F.3d 1031, 1035-36 (9th Cir. 2002).

denied his petition.[22] As a result, we held that Saffold's petition was "properly filed" in the California Supreme Court and that he was entitled to tolling of that four and one-half month period.[23] We so held because we determined that the initial five-year delay in filing his petition was irrelevant to whether his petition was "properly filed" under AEDPA because "California's timeliness rule is not a 'condition to filing.' "[24] After *Pace*, however, it is clear that "time limits, *no matter their form*, are 'filing' conditions" for purposes of AEDPA.[25] Thus, it is clear that the five-year delay in *Carey* was relevant to our analysis. Under *Pace,* if the petition was untimely under California law, it was never properly filed. In such a situation, § 2244(d)(2) does not allow for tolling.

**[6]** Likewise, in *Chavis v. LeMarque*,[26] we held that petitions are "pending" for purposes of AEDPA while state courts are considering them, even if they are ultimately denied for "procedural reasons."[27] To the extent that we meant to include untimeliness as a "procedural reason," we were mistaken. Under *Pace*, if a state court denies a petition as untimely, none of the time before or during the court's consideration of that petition is statutorily tolled.

**[7]** Although we hold that Bonner's federal petition was untimely, we nonetheless remand this case to the district court so that Bonner can argue his eligibility for equitable tolling, as he has not yet had an adequate opportunity to do that. If the district court determines that Bonner is eligible for equitable tolling, Bonner can then argue his eligibility for the stay and

---

[22]*Id.*

[23]*Id.* at 1036.

[24]*Id.* at 1035.

[25]125 S. Ct. at 1814 (emphasis added).

[26]382 F.3d 921 (9th Cir. 2004), *cert. granted*, 125 S. Ct. 1969 (2005).

[27]*Id.* at 925-26.

abeyance procedure so he can exhaust his unexhausted claims in state court.[28]

VACATED AND REMANDED.

---

[28]*See Rhines v. Weber*, ___ U.S. ___, 125 S. Ct. 1528, 1535 (2005) ("[I]f the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics," then the district court likely "should stay, rather than dismiss, the mixed petition.").