Mitchel **CALVERT**, Petitioner–Appellant,

v.

Alice **PAYNE**, Respondent–Appellee.

No. 05–36101.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 11, 2006.

Filed Oct. 5, 2006.

Mitchel Calvert, Steilacoom, WA, pro se.

Tracy Staab, Spokane, WA, for Petitioner–Appellant.

John J. Samson, Esq., Olympia, WA, for Respondent–Appellee.

Before: SCHROEDER, Chief Circuit Judge, KLEINFELD and BEA, Circuit Judges.

MEMORANDUM *

Mitchel Calvert appeals an order of the district court dismissing his petition for habeas corpus under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 2253. We review *de novo* the district court's dismissal of Calvert's habeas petition, *Malcom v. Payne,* 281 F.3d 951, 955–56 (9th Cir.2002), and affirm.

Calvert challenges his 2002 conviction for three counts of child rape. The Antiterrorism and Effective Death Penalty Act

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

of this circuit except as provided by 9th Cir. R. 36–3.

of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas petitions. 28 U.S.C. § 2244(d). Section 2244(d)(2) provides a tolling period for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. § 2244(d)(2). Absent tolling, Calvert's petition was untimely. While Calvert claims his motion to file untimely notice of appeal tolled the statute of limitations, the Washington courts dismissed Calvert's petition as untimely, and therefore it was not "properly filed" under AEDPA. *Pace v. DiGuglielmo*, 544 U.S. 408, 413, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); *Bonner v. Carey*, 425 F.3d 1145, 1148–49 (9th Cir.2005).

AEDPA's one-year statute of limitations "may be equitably tolled if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir.2003) (internal punctuation and citation omitted); *see also Pace*, 544 U.S. at 418, 125 S.Ct. 1807. The record does not demonstrate that Calvert's failure to file a timely habeas petition was due to extraordinary circumstances beyond his control. We find Calvert has failed to establish that equitable tolling of the statute of limitations was warranted in his case.

The district court properly dismissed Calvert's § 2254 petition as untimely.

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.