**TAEK SANG YOON, Petitioner–Appellant,**

v.

**G.J. GIURBINO, Warden, Respondent–Appellee.**

No. 05–55895.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2005.*

Filed Dec. 18, 2006.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Taek Sang Yoon, Norco, CA, pro se.

Wayne R. Young, Esq., Santa Monica, CA, for Petitioner–Appellant.

David Elgin Madeo, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: BRUNETTI, KOZINSKI and RYMER, Circuit Judges.

## MEMORANDUM **

Taek Sang Yoon appeals the dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one year limitations period for federal habeas petitions. 28 U.S.C. § 2244(d)(1). Even with equitable tolling, Yoon's petition was untimely. Equitable tolling would have ended on February 28, 2000 when Yoon began to file state habeas petitions, for he clearly was capable of pursuing habeas relief as of then. *See Gaston v. Palmer,* 417 F.3d 1030, 1034–35 (9th Cir.2005), *modified on other grounds by* 447 F.3d 1165 (9th Cir.2006). However, the California courts deemed his state petitions untimely. This means that they were not "properly filed" for purposes of statutory tolling under 28 U.S.C. § 2244(d)(2). *See Bonner v. Carey,* 425 F.3d 1145, 1148–49 (9th Cir.2005) (holding that habeas petitions dismissed as untimely by state courts are not "properly filed" for purposes of AEDPA). Thus, Yoon's 2003 federal petition was untimely regardless of equitable tolling. Given this, there was no reason for the district court to hold an evidentiary hearing. *See Roy v. Lampert,* 465 F.3d 964, 969 (9th Cir.2006) (noting that a habeas petitioner should receive an evidentiary hearing when allegations, if true, would entitle him to equitable tolling).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.