**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

RICHARD DEAN THORSON,
　　　*Petitioner-Appellant,*

　　　v.

ANA M. RAMIREZ PALMER,
　　　*Respondent-Appellee.*

No. 02-17359

D.C. No.
CV-02-05212-AWI/
SMS

OPINION

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted
November 13, 2006—San Francisco, California

Filed February 15, 2007

Before: William C. Canby, Jr., John T. Noonan, and
Richard A. Paez, Circuit Judges.

Opinion by Judge Canby

**COUNSEL**

Richard Dangler; C. Roman Rector; Sacramento, California, for the petitioner-appellant.

Catherine Chatman, Deputy Attorney General, Sacramento, California, for the respondent-appellee.

---

**OPINION**

CANBY, Circuit Judge:

Richard Thorson appeals the district court's dismissal of his federal habeas corpus petition, brought pursuant to 28 U.S.C. § 2254, as time-barred. We have jurisdiction under 28 U.S.C. § 2253. Reviewing de novo, *Brambles v. Duncan*, 412 F.3d 1066, 1069 (9th Cir. 2005), we affirm. We conclude that, because the California Supreme Court denied Thorson's state habeas petition as untimely, Thorson was not entitled to tolling while his untimely petition was pending in state court. Without that tolling, Thorson's federal habeas corpus petition fell outside the one-year limitation period for a state prisoner filing a federal habeas corpus petition.

*Background*

Thorson was convicted in California state court of second degree murder. His conviction was affirmed on direct review and became final on June 25, 1997.

Thorson unsuccessfully sought habeas relief in California Superior Court 114 days later. More than a year and a month after the denial of his first state habeas petition, Thorson filed a second habeas petition in the California Court of Appeal. His second petition was denied without comment or citation. Twenty-one days later, Thorson filed a third habeas petition

in the California Supreme Court. That court denied Thorson's third petition with the following order, which stated in its entirety:

> Petition for writ of habeas corpus is DENIED. (See *In re Robbins* (1998) 18 Cal. 4th 770, 780.).

On January 31, 2002, 124 days after the Supreme Court's summary denial, Thorson filed the present petition for habeas corpus in federal district court. The district court denied the federal petition as untimely, finding that Thorson was not entitled to tolling under 28 U.S.C. § 2244(d)(2) because the California Supreme Court had denied his state habeas petition as untimely.

## *Discussion*

**[1]** Thorson was required to seek federal habeas corpus relief by June 26, 1998, a year and a day after his state court conviction became final. 28 U.S.C. § 2244(d)(1)(A); *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Federal Rule of Civil Procedure 6(a) to the AEDPA statute of limitations). Absent tolling, Thorson's federal habeas petition, filed on January 31, 2002, falls far outside the one-year limitation period of § 2244.

**[2]** Thorson was entitled to tolling of the one-year limitations period for those time periods during which his "properly filed" state habeas petitions were "pending." 28 U.S.C. § 2244(d)(2). But if the California Supreme Court denied his third petition as untimely, that petition was neither "properly filed" nor "pending," in which case Thorson would not be entitled to statutory tolling. *See Bonner v. Carey*, 425 F.3d 1145, 1149 (9th. Cir. 2005) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)).

**[3]** We conclude that the California Supreme Court clearly rejected Thorson's habeas petition as untimely. The Court's

summary order cites the very page of *Robbins* that sets forth "the basic analytical framework" governing California's timeliness determinations in habeas corpus proceedings. *See Robbins*, 18 Cal. 4th at 780. *Robbins* also describes California's practice of disposing of habeas petitions by summary order with citation to certain seminal cases. *See id.* at 814 n.34. We therefore conclude that the California Supreme Court's citation to *Robbins* was a clear ruling that Thorson's petition was untimely. *See Evans v. Chavis*, 126 S. Ct. 846, 858 (2006) (Stevens, J., concurring) ("The decision that a petition has been untimely filed need not be explicitly stated; citation to a case in which a petition was dismissed as untimely filed certainly would suffice.") (citing *Robbins*, 18 Cal. 4th at 814 n. 34)); *Amesquita v. Hickman*, 2006 WL 2849821, at *6 (E.D. Cal. 2006); *Graves v. Carey*, 2006 WL 2329429, at *6 n. 10 (N.D. Cal. 2006) ("[T]he only plausible reading of the California Supreme Court's citation to *Robbins* is that the petition was denied for untimeliness.").

**[4]** It is not clear from the order denying Thorson's third post-conviction petition just which filing delay the California Supreme Court deemed untimely. Thorson filed his third petition, in the California Supreme Court, only twenty-one days after the denial of his second petition by the California Court of Appeal. We agree with the district court that it is most likely that the period deemed excessive by the California Supreme Court was the thirteen-month-plus period between the denial of his first petition in Superior Court and the filing of his second petition in the Court of Appeal. If that is the case, then Thorson's federal one-year limitation clearly expired because he would not be entitled to tolling during the thirteen-month period or thereafter; his petition to the Court of Appeal at the end of that time would have been held by the California Supreme Court to be untimely, and it therefore was not "properly filed."

**[5]** We need not be concerned by any ambiguity in the California Supreme Court's order, however, because it cannot

affect our conclusion. Even if the California Supreme Court was referring only to the delay (doubtless evaluated in the light of earlier delays) during the twenty-one days between denial of the second petition in the California Court of Appeal and Thorson's filing of his third petition in the Supreme Court, Thorson has exceeded his federal limitation period. First, he waited 113 days between the date his conviction became final and the filing of his first petition in Superior Court. That time is not subject to tolling. *See Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) ("AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct appeal and the time the first collateral challenge is filed . . . ."). Second, even if the California Supreme Court ruling of untimeliness applied only to the 21-day delay in filing the petition in the Supreme Court itself, then Thorson's petition was not "properly filed" in the California Supreme Court. As a result, the AEDPA clock would have begun to run again on the date the California Court of Appeal denied Thorson's second petition and would not have stopped until he filed his federal habeas petition. *See Bonner*, 425 F.3d at 1149 ("Under *Pace*, if a state court denies a petition as untimely, none of the time before or during the court's consideration of that petition is statutorily tolled."). The length of time from the date of denial by the Court of Appeal (March 2, 2001) until the filing of Thorson's federal petition (January 31, 2002) was 335 days. When the 113 days preceding the filing of his first state petition is added to that number, his untolled time ran for at least 448 days, substantially exceeding the one-year limitation of § 2244.

The district court thus properly held that Thorson's federal petition was statutorily time-barred. The judgment of the district court is

**AFFIRMED.**