**Leonard Ruben MORENO,
Petitioner—Appellant,**

v.

**Charles HARRISON, Warden,
Respondent—Appellee.**

**No. 06–16966.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 12, 2007 *.

Filed Aug. 14, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See*  Fed. R.App. P. 34(a)(2).

William M. Robinson, Sixth District Appellate Program, Santa Clara, CA, for Petitioner–Appellant.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Laurence K. Sullivan, Esq., Office of the California Attorney General, San Francisco, CA, Respondent–Appellee.

Before: HAWKINS, TASHIMA, and THOMAS, Circuit Judges.

### MEMORANDUM **

Leonard Ruben Moreno ("Moreno") appeals the dismissal of his habeas corpus petition for untimeliness pursuant to 28 U.S.C. § 2244(d).[1] The district court had jurisdiction over Moreno's petition pursuant to 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we now affirm.

We review the district court's dismissal of a habeas petition on timeliness grounds de novo. *See Guillory v. Roe,* 329 F.3d 1015, 1017 (9th Cir.2003). We also review the issue of equitable tolling de novo, where, as here, the facts are undisputed. *See Corjasso v. Ayers,* 278 F.3d 874, 877 (9th Cir.2002).

### 1. Equitable Tolling

The AEDPA's limitations period may be tolled " 'only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.' " *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999) (quoting *Calderon v. U.S. Dist. Court (Kelly),* 163 F.3d 530, 541 (9th Cir.1998) (en banc)). "Although equitable tolling is unavailable in most cases," it may be appropriate "[w]hen external

1. Because the parties are familiar with the factual and procedural background of this case, we do not recite it here except as necessary to aid in understanding this disposition.

forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim." *Id.* at 1107; *see, e.g., Guillory,* 329 F.3d at 1018 (holding that petitioner was not entitled to equitable tolling because he did not exercise due diligence in exhausting his claims). We hold that the district court did not err in denying Moreno the benefit of equitable tolling.

First, Moreno has not shown that he diligently pursued his rights. Moreno characterizes the claim in his September 2003 habeas petition to the California Supreme Court as simply a retooling of the same ineffective assistance of counsel argument presented to the California Court of Appeal in 2000. Moreno nevertheless waited for eighteen months after the March 2002 denial of the earlier habeas petition to file this "retooled" petition with the California Supreme Court. Appellate counsel acknowledges that the reason for this delay was a heavy workload, and unsurprisingly points to no cases in which this excuse supports a finding of diligence in pursuing one's habeas petition. *Cf. Stillman v. LaMarque,* 319 F.3d 1199, 1203 & n. 6 (9th Cir.2003) (noting that routine instances of attorney negligence are not grounds for equitable tolling).

█ Moreover, Moreno's asserted ground of reliance on the Ninth Circuit caselaw that was subsequently abrogated by *Pace v. DiGuglielmo,* 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), *see Bonner v. Carey,* 425 F.3d 1145, 1149 (9th Cir.2005), *amended by* 439 F.3d 993 (9th Cir.), *cert. denied,* —— U.S. ——, 127 S.Ct. 132, 166 L.Ed.2d 97 (2006), is not an "extraordinary circumstance" justifying equitable tolling. Moreno's one-year statutory period under 28 U.S.C. § 2244(d) expired in October 2003. Facing this deadline, appellate counsel, relying on *Saffold v. Carey,* 312 F.3d 1031 (9th Cir.2002), *Smith v. Duncan,* 297 F.3d 809 (9th Cir.2002),

and *Dictado v. Ducharme,* 244 F.3d 724 (9th Cir.2001), submitted a habeas petition to the California Supreme Court, which was ultimately dismissed for untimeliness in June 2004, and only then sought habeas relief in the district court.

Counsel acknowledged that he also had the option to follow the stay-and-abeyance procedure in the district court, whereby he could file a timely petition containing both unexhausted and exhausted claims, along with a simultaneous request to the district court to stay the petition and hold it in abeyance while Moreno sought to exhaust the unexhausted claims in the California courts. *See Rhines v. Weber,* 544 U.S. 269, 277–78, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005) (agreeing that district courts have discretion to grant such petitions). He argues that he did not pursue a stay and abeyance because it carried a risk that the district court would dismiss the entire petition. But under *Rhines,* dismissal is not a genuine risk to a diligent petitioner. Moreno only risked dismissal under the stay-and-abeyance procedure if there was no good cause for his failure to exhaust the claims, if the underlying claims were meritless, or if he had engaged in intentionally dilatory tactics. *Id.* (also noting that it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition unless one of these circumstances was present).

Thus, Moreno's claimed barrier of reliance on *Saffold, Smith,* and *Dictado* did not truly prevent or make "impossible" a timely filing. Instead, Moreno's counsel recommended, and Moreno adopted, the wrong course of action.

**2. Uncertified Issue**

Moreno contends that the California Supreme Court denied his habeas petition because an earlier petition was submitted late to the California Court of Appeal.

Consequently, he argues, this is not truly a denial for failure to satisfy a filing condition in the California Supreme Court, and *Pace*'s holding does not apply to Moreno's situation. This issue was not certified for appeal by the district court, and we decline to expand the Certificate of Appealability ("COA").

A COA should issue only if the petitioner can show "that jurists of reason would find it debatable" whether: (1) the petition validly claims the denial of a constitutional right; and (2) the district court made the correct procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Moreno cannot show that reasonable jurists would debatably find error in the district court's ruling that *Pace* applies to the California Supreme Court's denial of Moreno's habeas petition. We recently rejected Moreno's argument in *Thorson v. Palmer,* 479 F.3d 643 (9th Cir.2007), holding that the California Supreme Court's denial of a habeas petition for untimeliness, based upon a delay in filing an earlier petition with the California Court of Appeal, rendered the petition filed in the state supreme court improperly filed for tolling purposes. *Id.* at 645.

The district court's dismissal of Moreno's 28 U.S.C. § 2254 petition is **AF-FIRMED.**