**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| MICHAEL PAUL RAMOS, | No. 09-55031 |
| Petitioner - Appellant, | D.C. No. 3:05-cv-01712-MMA-JMA |
| v. | |
| JAMES A. YATES, | MEMORANDUM [*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted February 1, 2010[**]
Pasadena, California

Before: KLEINFELD, WARDLAW and CALLAHAN, Circuit Judges.

Ramos appeals the district court's order denying his 28 U.S.C. § 2254 habeas

corpus petition. The district court dismissed the petition as untimely because

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Ramos did not file it within the one-year statute of limitations provided by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). We affirm on alternative independent grounds, either of which would require the result.

Ramos failed to explain to both the Superior Court of the State of California and the California Court of Appeal why he waited almost four years before filing his first state habeas petition. In dismissing Ramos's petitions, both courts addressed the untimeliness of his filings. The language that the California superior and appellate courts used to deny Ramos's petitions is materially similar to the language considered in Bonner v. Carey, 425 F.3d 1145, 1147 (9th Cir. 2005). We held in Bonner that a state court's use of this language amounts to a denial for untimeliness. Id. at 1148. Thus, under Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005), Ramos's state habeas petitions were not "properly filed" for purposes of statutory tolling. Bonner, 425 F.3d at 1148. Without statutory tolling of the time his state habeas petitions were pending, his federal petition—filed several years after his state court conviction became final—is untimely under AEDPA's one-year limitation period.

Even if Ramos had explained the ineffective assistance of his previous attorney to the California superior and appellate courts as reason for his delay, and those courts had equitably tolled the period when he was represented by deficient counsel, Ramos's state petitions still would have been untimely. Ramos's state court conviction became final on January 16, 2001. He filed his first state habeas petition 1,122 days later on February 12, 2004. After subtracting the time from when he retained his ineffective counsel to when his present counsel obtained a copy of his trial record (from June 21, 2001 to November 19, 2003—881 days), Ramos is still left with approximately 240 non-tolled days between his conviction becoming final and the filing of his first state habeas petition.

Ramos offered no justification for this 240-day delay, which is substantially longer than the 90-day period in which the courts presume timeliness under California law. See In re Robbins, 959 P.2d 311, 317 (Cal. 1998) ("[A] habeas corpus petition is not entitled to a presumption of timeliness if it is filed more than 90 days after the final due date for the filing of appellant's reply brief on the direct appeal."). Without the required justification for his delay, Ramos's state petitions were not "properly filed," making the time they were pending before the California courts ineligible for statutory tolling. See Chaffer v. Prosper, No. 07-16853, slip

op. at 1, 2010 WL 157488 (9th Cir. Jan. 19, 2010) (per curiam) (holding that an unexplained gap of 101 days between filing of state habeas petitions made petition untimely under California law and not subject to statutory tolling). Without statutory tolling of the time his state habeas petitions were pending, Ramos's delay in filing his federal petition exceeds AEDPA's one-year limitation period. Thus, the district court was correct to dismiss it as untimely.[1]

**AFFIRMED**.

---

[1] Because AEDPA's one-year statute of limitations expired before Ramos's habeas petition was considered by the California Supreme Court, we need not decide whether that court found Ramos's petition timely.