**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL OSCAR WASHINGTON, | No. 07-55569 |
| Petitioner - Appellant, | D.C. No. CV-06-04066-JVS |
| v. | |
| FERNANDO GONZALEZ, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted June 7, 2010
Pasadena, California

Before: TROTT and W. FLETCHER, Circuit Judges, and BREYER, District
Judge.[**]

Paul Oscar Washington appeals from the dismissal of his federal petition for

habeas corpus relief. The district court dismissed the petition with prejudice as

time-barred. The district court's dismissal of a habeas petition on statute of

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Charles R. Breyer, United States District Judge for the
Northern District of California, sitting by designation.

limitations grounds, including whether the statute should be tolled, is reviewed de novo.  Harris v. Carter, 515 F.3d 1051, 1054 (9th Cir.), cert. denied, 129 S. Ct. 397 (2008) (mem.).

The one-year statute of limitations for filing a federal petition for habeas corpus is tolled while a "properly filed" state habeas petition is pending.  28 U.S.C. § 2244(d)(2).  If a state post-conviction petition is untimely, it is not properly filed.  Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005).  In denying Washington's third round of state habeas petitions, the Los Angeles Superior Court said that his alibi evidence was certainly known at the time of his trial and that there was "no justification" for the failure to include this issue "at the time of the prior filing."  Washington's third and fifth rounds were denied as untimely and cannot toll the statute of limitations.  See Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005), amended by 439 F.3d 993 (9th Cir. 2006); In re Clark, 855 P.2d 729 (Cal. 1993) (en banc). Washington's fourth round of habeas review addresses prison conditions, which is not "collateral review with respect to the pertinent judgment or claim."  28 U.S.C. § 2244(d)(2).  The district court did not err by dismissing Washington's federal habeas petition as untimely because it was filed more than one year after his second round of habeas review concluded.

Washington waived his argument that the statute of limitations should begin to run from the date he became aware of the change in law caused by Pace, 544 U.S. 408, because he failed to raise the issue before the district court. O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1063 n.3 (9th Cir. 2007). Washington is not entitled to equitable tolling because extraordinary circumstances did not prevent him from learning about the change in law. See Pace, 544 U.S. at 418. A pro se petitioner's ignorance of the law and lack of legal sophistication, by themselves, are not extraordinary circumstances that warrant equitable tolling. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Washington's failure to seek priority-legal-status access to the law library is due to his own mistake. See Harris, 515 F.3d at 1055.

The court declines to address Washington's uncertified issue on appeal, as there is no "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Pagtalunan v. Galaza, 291 F.3d 639, 643 n.2 (9th Cir. 2002); Hiivala v. Wood, 195 F.3d 1098, 1104 (9th Cir. 1999).

**AFFIRMED**