FILED

NOT FOR PUBLICATION

SEP 01 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GREGORIO C. FUNTANILLA, Jr.,

Petitioner - Appellant,

v.

KEN CLARK, Warden,

Respondent - Appellee.

No. 09-15479

D.C. No. 1:06-cv-01181-LJO

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted August 10, 2010[**]

Before:    LEAVY, HAWKINS, and IKUTA, Circuit Judges.

California state prisoner Gregorio C. Funtanilla, Jr. appeals pro se from the

district court's judgment dismissing his 28 U.S.C. § 2254 habeas petition.  We

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

have jurisdiction pursuant to 28 U.S.C. § 2253[1], and we affirm.

The district court did not err when it dismissed Funtanilla's habeas petition as untimely. *See* 28 U.S.C. § 2244(d)(1). Even if Funtanilla were entitled to equitable tolling from the time he discovered the factual predicate of his claim until he filed his first state habeas petition, his federal petition was untimely. Equitable tolling would have ended on January 27, 2003, when Funtanilla filed his state habeas petition, as he was capable of pursuing habeas relief as of that date. *See Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005), *modified on other grounds by* 447 F.3d 1165 (9th Cir. 2006). The Kings County Superior Court concluded his state habeas petition was untimely, and therefore that petition did not toll AEDPA's limitations period because it was not properly filed. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's [postconviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); *Bonner v. Carey*, 425 F.3d 1145, 1148-49 (9th Cir. 2005) (applying *Pace* to California's timeliness rule for postconviction petitions), *as amended*, 439 F.3d 993 (9th Cir. 2006).

---

[1] We certify for appeal, on our own motion, the issue of whether the district court properly dismissed Funtanilla's habeas petition as untimely, and whether the district court abused its discretion by declining to hold an evidentiary hearing regarding Funtanilla's entitlement to equitable tolling.

Accordingly, AEDPA's limitations period expired on January 27, 2004, more than two and a half years before Funtanilla filed his 2006 federal habeas petition. Because Funtanilla's federal petition was untimely regardless of equitable tolling, there was no basis for the district court to hold an evidentiary hearing. *See Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (stating that a habeas petitioner should receive an evidentiary hearing when allegations, if true, would entitle him to equitable tolling).

**AFFIRMED.**