NOT FOR PUBLICATION

# FILED

OCT 24 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| FILEMON ARELLANO, | ) | No. 08-56173 |
| | ) | |
| Petitioner – Appellant, | ) | D.C. No. 2:07-cv-02730-AHM-PJW |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| BEN CURRY, Warden, | ) | |
| | ) | |
| Respondent – Appellee. | ) | |
| | ) | |
| | ) | |

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Submitted October 13, 2011[**]
Pasadena, California

Before: FERNANDEZ and CALLAHAN, Circuit Judges, and ERICKSON,[***]
District Judge.

Filemon Arellano appeals the district court's denial of his April 2007

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral
argument. Fed. R. App. P. 34(a)(2).

[***]The Honorable Ralph R. Erickson, Chief United States District Judge for
the District of North Dakota, sitting by designation.

petition for a writ of habeas corpus. See 28 U.S.C. § 2254. We affirm.

The district court determined that the petition was barred by the statute of limitations. See 28 U.S.C. § 2244(d)(1). Arellano asserts that the statute did not begin to run when the state criminal judgment became final,[1] but rather at a later date when he discovered the factual predicate "through the exercise of due diligence."[2] He also asserts that he was entitled to equitable tolling. See Holland v. Florida, ___ U.S. ___, ___, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010). We disagree. Our review of the record makes it apparent that, as the district court decided, by the year 2000 at the latest, Arellano should have discovered his claim that, although directed to do so, prior counsel had not filed his notice of appeal. Indeed, Arellano might well have been expected to discover that claim at an earlier date, but using the year 2000 does give him the benefit of the doubt. We are unable to hold that Arellano's delay between then and April of 2007 can be excused on the basis that he was sufficiently diligent for either delayed statute of

---

[1] 28 U.S.C. § 2244(d)(1)(A).

[2] 28 U.S.C. § 2244(d)(1)(D).

limitation commencement[3] or equitable tolling[4] purposes.[5]

AFFIRMED.[6]

---

[3]See 28 U.S.C. § 2244(d)(1)(D); Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).

[4]See Holland, ___ U.S. at ___, 130 S. Ct. at 2562; Bryant v. Ariz. Att'y Gen., 499 F.3d 1056, 1061 (9th Cir. 2007).  Put otherwise, the extraordinary circumstance of his attorney's bad acts (which should have been known by 2000) does not sufficiently explain his delay in filing.  See United States v. Buckles, 647 F.3d 883, 889–90 (9th Cir.), cert. denied, No. 11-6226, 2011 WL 4006675 (U.S. 2011); Randle v. Crawford, 604 F.3d 1047, 1057–58 (9th Cir.), cert. denied, ___ U.S. ___, 131 S. Ct. 474, 178 L. Ed. 2d 301 (2010).

[5]We note that the state courts denied relief on the basis of his untimeliness and lack of diligence in filing papers with them.  See Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005).  They declared he had procedurally defaulted.

[6]We decline to consider the uncertified issue that the district court should have held an evidentiary hearing; we see no basis to hold that the district court erred.  See Doe v. Woodford, 508 F.3d 563, 567 (9th Cir. 2007); Brown v. Ornoski, 503 F.3d 1006, 1017 (9th Cir. 2007).