**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MANUEL FLORENCE SANCHEZ,

               Petitioner - Appellant,

  v.

JAMES A. YATES, Warden,

               Respondent - Appellee.

No. 08-17706

D.C. No. 2:06-cv-02898-GEB-GGH

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Argued and Submitted October 18, 2012
San Francisco, California

Before: D.W. NELSON, MURGUIA, and CHRISTEN, Circuit Judges.[**]

     Manuel Sanchez appeals from the district court's dismissal of his federal

habeas claims on the ground that the Anti-Terrorism and Effective Death Penalty

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    Judge Christen was drawn to replace Judge Betty Binns Fletcher.
Judge Christen read the briefs, reviewed the record, and listened to oral arguments
held October 18, 2012.

Act's ("AEDPA") statute of limitations bars his claim. We review de novo the denial of a 28 U.S.C. § 2254 habeas petition as untimely. *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005), *modified on other grounds*, 447 F.3d 1165. This court has jurisdiction over the appeal by 28 U.S.C. § 1291.

Sanchez failed to file his habeas claims within the time period set out by 28 U.S.C. § 2244(d) and did not exhibit the diligence required for a grant of equitable tolling. Therefore, the district court's dismissal is AFFIRMED.

## I. FACTUAL HISTORY

The parties to this case are aware of the facts that underlie both Sanchez's conviction and his habeas claims; we recite only the facts pertinent to this appeal.

Sanchez had one year to file his habeas claims in district court beginning April 26, 2005, the day his state conviction became final. *Id.* § 2244(d)(1)(A). Roughly six months later, on October 28, 2005, Sanchez filed his first state habeas petition, successfully tolling AEDPA's one year limitations period for as long as Sanchez pursued his properly filed state habeas claims. *Id.* § 2244(d)(2). On April 6, 2006, Sanchez's second state habeas petition was denied by the California Court of Appeal. The Supreme Court of California dismissed Sanchez's third state habeas petition as untimely, and thus not properly filed, by citing *In re Robbins*, 18 Cal. 4th 770, 780 (1998). *See Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir.

2007). On December 19, 2006, Sanchez filed his federal habeas claims in district court. The district court dismissed Sanchez's petition as untimely and he appealed to this court.

As the basis for his equitable tolling claim, Sanchez claims not to have received a complete copy of his trial transcripts from his trial counsel until February 10, 2006.

## II. STATUTORY TOLLING

The district court correctly ruled that § 2244(d) barred Sanchez's federal habeas claim because the one-year limitations period was not tolled during the pendency of his third state habeas petition. Statutory tolling is only available for properly filed state habeas claims. § 2244(d)(2). This Court has previously held that a citation to page 780 of *In re Robbins* signifies a "clear ruling" that a petition was untimely. *Thorson*, 479 F.3d at 645. Because Sanchez's final state habeas petition was adjudged untimely it was not properly filed and therefore did not trigger statutory tolling under § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

Sanchez qualified for statutory tolling for the 161 days between the filing of his first state petition on October 28, 2005, and the denial of his second claim on

April 6, 2006.[1]  The extra time gained through statutory tolling extended the deadline for Sanchez to file his federal habeas petition from April 27, 2006, to October 5, 2006.  Sanchez did not file his pro se habeas petition in federal district court until December 19, 2006, more than two months late.  Sanchez's petition was barred by § 2244(d) unless he is eligible for equitable tolling.

## III.  EQUITABLE TOLLING

Sanchez claims that he is entitled to equitable tolling either because he did not receive his complete trial transcripts until February 10, 2006, or because he could not have expected the California Supreme Court to deny his state habeas claims on timeliness grounds.

Equitable tolling is only available where a petitioner diligently pursued his rights but some extraordinary circumstance stood in his way.  *Holland v. Florida*, ____ U.S. ____, 130 S. Ct. 2549, 2562 (2010) (citing *Pace*, 544 U.S. at 418).  The rights referred to are the petitioner's federal rights, so Sanchez must demonstrate he diligently pursued his federal claims.  *Id.* at 2563.

---

[1]  The government argues that Sanchez's state claims were never properly filed because the California Supreme Court's dismissal on timeliness grounds could only refer to the six months Sanchez waited to file his first state habeas petition.  Because this argument would not change the outcome of Sanchez's appeal, we do not reach it.

Sanchez received the complete trial transcripts more than ten months before he filed his federal habeas petition. During those ten months, Sanchez could have filed a petition in district court to protect his federal habeas rights against an occurrence such as this one. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Because Sanchez did not file his federal habeas petition until ten months after the alleged impediment to filing was removed, he failed to demonstrate the "reasonable diligence" required for equitable tolling of § 2244(d)'s limitations period. *Holland*, 130 S. Ct. at 2565. We do not reach the question whether Sanchez's initial lack of access to the transcripts was an extraordinary circumstance.

Sanchez does not qualify for equitable tolling because he was surprised by the California Supreme Court's ruling on timeliness grounds. When a state post-conviction petition is untimely under state law, "'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace*, 544 U.S. at 414 (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002) (alteration in original)). A state petitioner bears the risk that he may "try[] in good faith to exhaust state remedies . . . only to find out at the end that he was never 'properly filed.'" *Id.* at 416.

**AFFIRMED**.