**NOT FOR PUBLICATION**

JUL 22 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHNATHON HAMILTON,<br><br>　　　　　Petitioner - Appellant,<br><br>　　v.<br><br>DERRAL G. ADAMS, Warden,<br><br>　　　　　Respondent - Appellee. | No. 10-16495<br><br>D.C. No. 1:09-cv-01218-AWI-JLT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Senior District Judge, Presiding

Argued and Submitted July 9, 2013
San Francisco, California

Before: FERNANDEZ, PAEZ, and BERZON, Circuit Judges.

Johnathon Hamilton challenges the dismissal of his federal habeas petition

as untimely.  We affirm.

Hamilton concedes that 28 U.S.C. § 2244(d)(1)(A) required him to file his

federal habeas petition within one year of April 15, 2008, the date on which his

---

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

conviction became final. He failed to do so and thus invoked statutory tolling for the period in which he sought post-conviction review before the California Court of Appeal and the California Supreme Court. *See* § 2244(d)(2). Tolling, however, is only available to a prisoner who has "properly filed" his petition "in compliance with the applicable laws and rules governing filings in that state." *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005) (internal quotation marks omitted), *amended by* 439 F.3d 993 (9th Cir. 2006). An untimely state petition is not "properly filed" and triggers no tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

Both the California Court of Appeal and the California Supreme Court summarily denied Hamilton's state habeas petitions. The district court correctly interpreted those summary denials by "looking through" them to the reasoning of the California Superior Court, *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991), which had held that Hamilton's initial state petition was both untimely and meritless. *See also Cannedy v. Adams*, 706 F.3d 1148, 1158–59 (9th Cir. 2013) (holding that *Ylst*'s "look through" doctrine survives *Harrington v. Richter*, 131 S. Ct. 770 (2011)). Because the Superior Court denied Hamilton's petition both as untimely and on the merits, that petition was not "properly filed." *Bonner*, 425 F.3d at 1148–49; *see also Carey v. Saffold*, 536 U.S. 214, 226 (2002). And

because the Superior Court's ruling was the last reasoned state court decision, it governs our interpretation of the subsequent, summary decisions of the Court of Appeal and the Supreme Court. *Bonner*, 425 F.3d at 1148 n.13 (applying *Ylst*'s "look through" doctrine in nearly identical circumstances). We interpret those mute denials to mean that the Court of Appeal and the Supreme Court followed the Superior Court in holding each of Hamilton's later petitions untimely for the same reason as the initial one. *Ylst*, 501 U.S. at 803 ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders . . . rejecting the same claim rest upon the same ground.").

Because Hamilton's state habeas petitions were untimely, they were not properly filed and do not toll the one-year statute of limitations. Hamilton failed to file his federal habeas petition within that one-year window. The district court's dismissal of that petition is thus AFFIRMED.