NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 30 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AARON ATLEE PARSONS, Petitioner-Appellant, v. JOE A. LIZARRAGA, Warden, Respondent-Appellee. | No. 18-16149 D.C. No. 4:14-cv-04833-HSG MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted February 12, 2020**
San Francisco, California

Before: GOULD and MURGUIA, Circuit Judges, and FEINERMAN,*** District Judge.

California state prisoner Aaron Parsons appeals the district court's dismissal

of his 28 U.S.C. § 2254 habeas petition as untimely. We have jurisdiction pursuant

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Gary Feinerman, United States District Judge for the Northern District of Illinois, sitting by designation.

to 28 U.S.C. §§ 1291 and 2253. We review the district court's decision de novo, *Sanders v. Cullen*, 873 F.3d 778, 793 (9th Cir. 2017), and we may affirm on any ground supported by the record even if it differs from the district court's rationale, *Buckley v. Terhune*, 441 F.3d 688, 694 (9th Cir. 2006) (en banc). We affirm.

Parsons was convicted of various offenses in the Alameda County Superior Court. On direct appeal, the California Court of Appeal affirmed his conviction and remanded for resentencing, and the California Supreme Court denied review. On January 11, 2013, Parsons was resentenced in the superior court. Parsons filed three state habeas petitions—in the superior court, the California Court of Appeal, and the California Supreme Court. The superior court and the Court of Appeal denied Parsons's petitions as untimely, among other reasons, while the California Supreme Court denied the petition without explanation. Parsons filed his federal habeas petition on October 26, 2014.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner must file a federal habeas corpus petition within one year from the date that his conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). A conviction becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." *Id.*

Parsons's sentence was amended by the superior court on January 11, 2013, and he did not appeal. Parsons's conviction therefore became final on March 12,

2013, 60 days after the superior court amended his sentence. *See* Cal. R. Ct. 8.308(a). Contrary to Parsons's contention, he was not entitled to an additional 30 days to file a petition for writ of certiorari to the United States Supreme Court directly from the superior court merely because he had previously sought review at the California Supreme Court. *See* 28 U.S.C. § 1257 (providing for Supreme Court review of final judgments rendered by "the highest court of a State"). Absent tolling, Parsons's federal habeas petition was due on March 12, 2014. Parsons filed his federal habeas petition on October 26, 2014. For his petition to be timely, Parsons must show that he is entitled to 228 days of statutory tolling.

We conclude that Parsons is not entitled to any statutory tolling because his state habeas petitions were not properly filed. AEDPA's one-year statute of limitations is tolled during the time that a "properly filed" state habeas petition is pending. 28 U.S.C. § 2244(d)(2). An untimely state habeas petition is not "properly filed" within the meaning of section 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005).

The California Court of Appeal denied Parsons's state habeas petition on many grounds, including untimeliness.[1] When untimeliness is one of several

---

[1] The California Supreme Court denied Parsons's state habeas petition without explanation. When a state court does not explain its decision, we "look through" the unexplained decision to the last related state court decision that provides a relevant rationale, and we presume that the unexplained decision adopted the same

reasons for denying a state habeas petition, the petition is not properly filed under section 2244(d)(2). *Pace*, 544 U.S. at 414; *see also Bonner v. Carey*, 425 F.3d 1145, 1148–49 (9th Cir. 2005), *amended by* 439 F.3d 993 (9th Cir. 2006). Because Parsons did not properly file his state habeas petitions, he is not entitled to any statutory tolling. We therefore hold that his federal habeas petition was untimely.

**AFFIRMED.**

---

reasoning. *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018); *see also Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). We therefore consider the decision of the California Court of Appeal.